(No. 2630— ▇▇▇▇▇▇▇▇▇▇▇▇▇)

CATHERINE KNARR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1935.*

CATHERINE KNARR, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant files her claim pro se, upon the following recital of facts:

Frank W. Knarr was a Private in the Army Signal Corps No. 45, being inducted into the Army, October 2, 1917 at Greenville, Illinois. His Army Serial Number was 1,986,240. He served overseas from September 18, 1918 until July 5, 1919, was honorably discharged July 14, 1919 at Camp Grant, Illinois and returned to his home at Smithboro, Illinois. On January 20, 1923 he filed an application for the Illinois Bonus and was assigned No. 99,241. His claim was approved and vouchered for payment on September 17, 1923. State warrant No. 160,054 for Three Hundred Dollars ($300.00) was mailed to him at his home address. Between the time of his application and the mailing of the warrant Frank W. Knarr died. The warrant was mislaid and was later returned to the Treasurer of the State of Illinois and was cancelled by order of the State Auditor on July 16, 1934 and the money reverted to the Soldiers' Compensation Fund. The warrant was never cashed and no one has ever received the compensation which the State awarded to Frank W. Knarr as payment of his Bonus claim.

Section 2, House Bill No. 127 (The original Bonus Act) approved May 3, 1921, states that the beneficiaries are:

"The husband or wife (if not re-married), child or children, mother, father, brother or sister in the order named."

On March 8, 1935 the mother, Mrs. Catherine Knarr, Box 28, Smithboro, Illinois was duly identified and proven to be the beneficiary entitled to said Bonus.

In 1927 the Legislature passed an Act entitled:

"An Act terminating the service recognition board, and making provision for the payment of certain claims for compensation."

*(Cahill's Ill. Statute Chap. 129 P. 2675).*
Under the terms of the latter Act it is provided:

"In all cases where claims for compensation have been heretofore or are hereafter allowed by the service recognition board but payment of compensation has not been made either because the claimant or his heirs have not been found, or any other reason, it is the duty of the Adjutant General, as soon as satisfactory proof is furnished to him, locating or identifying the claimant or his heirs or as soon as the disability preventing payment is removed, to certify such fact to the State Treasurer, who shall make payment from the soldiers' compensation fund, in the sum allowed by the service recognition board to the person entitled thereto."

The above Act carried an appropriation of $140,647.50 for the payment of claims arising by virtue thereof.

House Bill No. 474, approved June 14, 1929, appropriated the balance of this fund ($101,804.00) to the Department of Public Welfare for the relief of indigent widows and children of deceased World War veterans. This action left no funds from which a Bonus Claim could be paid.

The Adjutant General's office has certified that satisfactory proof has been furnished to him locating and identifying claimant as the one to whom compensation is payable, but there is no existing appropriation out of which the Bonus payment can be made, and the claim properly comes before this court.

AN AWARD IS THEREFORE ALLOWED in favor of claimant in the sum of Three Hundred Dollars ($300.00).